UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE - EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY and <br> MONSANTO TECHNOLOGY, LLC, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> SOUTHFORK FARMS, LLC, <br> SCOTT ROLAND, and <br> WILLIAM (aka "BUBBA") L. JOHNSON <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs, Monsanto Company, and Monsanto Technology, LLC (sometimes referred to collectively as "Monsanto"), for their Complaint against Southfork Farms, LLC, Scott Roland, and William L. Johnson (sometimes referred to as "Defendants") make the following allegations:

**THE PLAINTIFFS**

**Monsanto Company**

1. Monsanto Company is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. It is authorized to do and is doing business in Tennessee and this judicial district.

2. Monsanto Company is in the business of developing, manufacturing, licensing, and selling agricultural biotechnology, agricultural chemicals, and agricultural products. After the investment of substantial time, expense, and expertise, Monsanto Company developed plant biotechnology with gene transfer that results in plants having resistance to glyphosate-based herbicides (such as Roundup Ultra®, Roundup UltraMAX®, Roundup WeatherMAX®, and Touchdown®).

3. This biotechnology has been utilized by Monsanto Company in soybeans and cotton. The genetically improved cotton is marketed by Monsanto Company under several trade names, including Roundup Ready® cotton and Roundup Ready® Flex cotton. The genetically improved soybeans are marketed by Monsanto Company as Roundup Ready® soybeans.

4. Monsanto's Roundup Ready® soybean biotechnology is protected under United States Patent Numbers 5,352,605 and RE 39,247 E, which are attached hereto as Exhibits "A" and "B". The 5,352,605 and RE 39,247 E patents (commonly referred to as the '605 and '247 patents, respectively) were issued prior to the events giving rise to this action.

5. Monsanto's Roundup Ready® and Roundup Ready® Flex cotton biotechnology is protected under United States Patent Number RE 39,247. The RE 39,247 patent, which is commonly referred to as the '247 patent, issued prior to the events giving rise to this action.

6. Monsanto Company is and has been the exclusive licensee of the '605 and '247 patents from Monsanto Technology, LLC.

## Monsanto Technology LLC

7. Monsanto Technology, LLC is a company organized and existing under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

8. Monsanto Technology, LLC is and has been the owner of the '247 and '605 patents prior to the events giving rise to this action.

## THE DEFENDANTS

9. Defendant William L. Johnson is an individual who resides at 1772 Hollywood Drive, Jackson, Tennessee, 38305.

10. Defendant Scott Roland is an individual who resides at 422 Ed Wood Road, Bells, Tennessee, 38006.

11. Defendant Southfork Farms, LLC is a Tennessee limited liability company with a principal address of 422 Ed Wood Road, Bells, Tennessee, 38006.

12. The Defendants are engaged in a farming operation that involves the planting of crops, including cotton and soybeans. Upon information and belief, the Defendants farm land in and near the Tennessee counties of Madison and Crockett.

## JURISDICTION AND VENUE

13. This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, et. seq., including 35 U.S.C. § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, in that one or more of Monsanto's claims arise under the laws of the United States, as well as 28 U.S.C. §1338, granting district courts original jurisdiction over any civil action regarding patents. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all of Monsanto's non-federal question claims, such that they form part of the same case or controversy.

14. This Court has personal jurisdiction over the Defendants as each are domiciled in Tennessee counties and venue is proper in this judicial district as each Defendant is domiciled in a Tennessee county within the Western District of Tennessee, Eastern Division.

## GENERAL ALLEGATIONS

15. Roundup® is a non-selective herbicide manufactured by Monsanto, which causes severe injury or crop destruction to soybean and cotton varieties that are not Roundup Ready® or Roundup Ready® Flex. Cotton and soybeans display a unique and identifiable symptomatology after having been sprayed with Roundup® or other herbicides containing glyphosate, unless said soybeans or cotton are Roundup Ready® or Roundup Ready® Flex.

16. Monsanto's Roundup Ready® technology is protected under the '605 and '247 patents while the Roundup Ready® Flex technology is protected under the '247 patent. These patents were issued and assigned to Monsanto prior to the events giving rise to this action.

17. Monsanto only licenses the use of Roundup Ready® and Roundup Ready® Flex seed technologies to farmers at the retail marketing level through a limited use license commonly referred to as a Technology Agreement.

18. Farmers are not authorized to use Monsanto's patented seed technologies unless they sign a Technology Agreement.

19. Among others things, the express terms of the limited use license prohibits licensees from saving harvested seed containing the Roundup Ready® and/or Roundup Ready® Flex traits for planting purposes, or from selling, transferring or supplying saved Roundup Ready® and/or Roundup Ready® Flex seed to others for planting. The use of the seed is limited to the production of a single commercial crop.

20. Authorized purchasers of Roundup Ready® and Roundup Ready® Flex seed are required to pay an established royalty (once referred to as a "technology fee") for each commercial unit of seed in addition to the price of the base germplasm.

21. Monsanto places the required statutory notice that its Roundup Ready® and Roundup Ready® Flex technologies are patented on the labeling of all bags containing Roundup Ready® and Roundup Ready® Flex seed. In particular, each bag of Roundup Ready® and Roundup Ready® Flex seed is marked with notice of at least U.S. Patent Nos. RE 39,247 and 5,352,605.

22. Monsanto does not authorize the planting of saved Roundup Ready® soybeans or saved Roundup Ready® and Roundup Ready® Flex cotton seed. The planting of saved

Roundup Ready® and Roundup Ready® Flex seed is a direct infringement of Monsanto's patent rights, including the '247 and '605 patents.

23.    In at least 2010, the Defendants knowingly, intentionally, and willfully used saved, planted and/or transferred Roundup Ready® soybeans and saved Roundup Ready® or Roundup Ready® Flex cotton seed without authorization from Monsanto, in violation of Monsanto's patent rights.

24.    According to Farm Service Agency records, the Defendants planted at least 440 acres of cotton and 460 acres of soybeans the 2010 growing season.

25.    A sampling of the Defendants' fields confirmed that the Defendants' acreage was planted with soybean seed containing the Roundup Ready® trait and with cotton containing the Roundup Ready® Flex and/or Roundup Ready® traits.

26.    Defendants did not make sufficient authorized purchases of Roundup Ready® or Roundup Ready® Flex seed for the acreage they planted with seed containing Monsanto's patented crop traits.

27.    Defendants are in the process of harvesting or have harvested the cotton and soybeans that survived the 2010 growing season.

## COUNT I
## PATENT INFRINGEMENT-Patent No. RE 39,247-Cotton

28.    Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

29.    On August 22, 2006, United States Patent Number 5,633,435 was duly and legally reissued to Monsanto as U.S. Patent No. RE 39,247. U.S. Patent No. 5,633,435 was initially issued on May 27, 1997. The '247 patent is for an invention of Glyphosate-Tolerant 5-

Enolpyruvylshikimate-3-Phospate Synthases.  This invention is in the fields of genetic engineering and plant biology.

30. Monsanto is the owner by assignment of all rights, title and interest in and to the '247 Patent.

31. The Defendants have infringed the '247 patent by making, using, offering for sale or selling cotton seed having the Roundup Ready® and/or Roundup Ready® Flex trait embodying or using the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this Court.

32. The Defendants' infringing activities were conducted with full knowledge and with notice that the Defendants were in violation of Monsanto's patent rights.

33. The Defendants' actions have damaged Monsanto and will continue to injure Monsanto, unless and until such infringement is enjoined by this Court.

34. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

35. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer.  Further, on information and belief, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendants' knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

36. The infringing activity of the Defendants brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, thus Monsanto requests the award of reasonable attorneys' fees and costs.

## COUNT II
## PATENT INFRINGEMENT-Patent No. 5,352,605-Soybeans

37. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

38. On October 4, 1994, the '605 Patent was duly and legally issued to Monsanto for an invention in Chimeric Genes for Transforming Plant Cells Using Viral Promoters.

39. Monsanto is the owner by assignment of all rights, title and interest in and to the '605 Patent.

40. Defendants have infringed the '605 Patent by making, using, offering for sale or selling soybean seed having the Roundup Ready® trait embodying the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this Court.

41. The Defendants' infringing activities were conducted with full knowledge and with notice that the Defendants were in violation of Monsanto's patent rights.

42. Defendants' actions have damaged Monsanto and will continue to injure Monsanto, unless and until such infringement is enjoined by this Court.

43. Pursuant to 35 U.S.C. § 283, Monsanto is entitled to injunctive relief in accordance with the principles of equity to prevent the infringement of rights secured by its patents.

44. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer. Further, on information and belief, damages should be trebled pursuant to 35 U.S.C. § 284 in light of the Defendants' knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

45. The infringing activity of the Defendants brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, and thus Monsanto requests the award of reasonable attorneys' fees and costs.

## COUNT III
## PATENT INFRINGEMENT-Patent No. RE 39,247-Soybeans

46. Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

47. On August 22, 2006, United States Patent Number 5,633,435 was duly and legally reissued to Monsanto as U.S. Patent No. RE 39,247. U.S. Patent No. 5,633,435 was initially issued on May 27, 1997. The '247 patent is for an invention of Glyphosate-Tolerant 5-Enolpyruvylshikimate-3-Phospate Synthases. This invention is in the fields of genetic engineering and plant biology.

48. Monsanto is the owner by assignment of all rights, title and interest in and to the '275 Patent.

49. The Defendants have infringed the '275 patent by making, using, offering for sale or selling soybean seed having the Roundup Ready® trait embodying the patented invention without authorization from Monsanto, and will continue to do so unless enjoined by this Court.

50. The Defendants' infringing activities were conducted with full knowledge and with notice that the Defendants were in violation of Monsanto's patent rights.

51. The Defendants' actions have damaged Monsanto.

52. Pursuant to 35 U.S.C. § 284, Monsanto is entitled to damages adequate to compensate for the infringement, although in no event less than a reasonable royalty, together with interest and costs to be taxed to the infringer. Further, on information and belief, damages should be

trebled pursuant to 35 U.S.C. § 284 in light of the Defendants' knowing, willful, conscious, and deliberate infringement of the patent rights at issue.

53. The infringing activity of the Defendants brings this cause within the ambit of the exceptional case contemplated by 35 U.S.C. § 285, and thus Monsanto requests the award of reasonable attorneys' fees and costs.

## COUNT V - CONVERSION

54. Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

55. By making, using, offering to sell or selling soybean and/or cotton seed containing the Roundup Ready® and Roundup Ready® Flex traits without authority, the Defendants intentionally and wrongfully exercised dominion, ownership and control over Monsanto's patented seed technologies which were the property of Monsanto under the terms of the '247, and '605 patents and which are only legitimately available to third parties through a license agreement with Monsanto.

56. As a result, Monsanto is entitled, at a minimum, to damages equal to the value of the Roundup Ready® and Roundup Ready® Flex seed at the time of the conversion; which is an amount equal to the applicable technology fee and the purchase price which the Defendants would otherwise have been required to pay.

57. The Defendants' conversion of Monsanto's property rights was malicious and willful, entitling Monsanto to punitive damages.

## COUNT VI - UNJUST ENRICHMENT

58. Each and every material allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

59. The Defendants' conduct has resulted in a benefit being conferred upon the Defendants, and the Defendants have appreciated the benefit in that they illegally made, used, sold and/or offered to sell, or otherwise used transferred unlicensed Roundup Ready® and Roundup Ready® Flex seed, in at least 2010, in contravention of Monsanto's patent rights and in violation of the license agreement system.

60. As a result, the Defendants have been unjustly enriched and obtained benefits and profits that in equity and good conscience belong to Monsanto.

61. The Defendants' acceptance and retention of this benefit under the circumstances renders the Defendants' retention of these benefits inequitable.

62. As a result, Monsanto is entitled to damages.

## COUNT VII - BREACH OF CONTRACT

63. Each and every material allegation set out in the above-numbered paragraphs is hereby incorporated by reference just as if it was explicitly set forth hereunder.

64. On July 9, 2008, Defendant William Johnson entered into the Monsanto Technology/Stewardship Agreement attached as Exhibit 'C'. The Agreement was signed by Defendant William "Bubba" Johnson. In 2004, Defendant William Johnson entered into the Monsanto Technology/Stewardship Agreement attached as Exhibit 'D'. This agreement was also signed by Defendant William "Bubba" Johnson.

65. The conduct of Defendant William Johnson, as set forth above, is a breach of these Agreements, which, among other provisions, prohibit the saving, planting and/or transfer or sale of saved Roundup Ready® and/or Roundup Ready® Flex seed or use of any portion of seed grown from newly purchased Roundup Ready® and/or Roundup Ready® Flex seed for anything other than marketing the crop derived therefrom into a terminal market as a commodity.

66.     As a direct and proximate result of this breach, Monsanto has been damaged and is entitled to damages for breach of the Agreements, as well as reasonable attorneys' fees under the Agreements.

## PRAYER FOR RELIEF

**WHEREFORE**, Monsanto prays that process and due form of law issue to the Defendants requiring them to appear and answer the allegations of this Complaint, and that after due proceedings are had, there be judgment in favor of Plaintiffs and against the Defendants, providing the following remedies to Plaintiffs:

A. Entry of judgment that the Defendants are infringing and have infringed the '247 and '605 patents, and that such infringement has been willful and deliberate;

B. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for the Defendants' patent infringement;

C. Find this case exceptional under 35 U.S.C. § 285, thereby trebling of damages awarded for the infringement of patents together with reasonable attorneys' fees;

D. Entry of judgment for damages, together with interest and costs, to compensate Monsanto for the Defendants' conversion of Plaintiffs' property rights;

E. Entry of an enhanced (treble) damages award against the Defendants for their willful and malicious conversion of Monsanto's property;

F. Entry of judgment for damages, together with interest and costs to compensate Monsanto for Defendants' unjust enrichment and the profits obtained that in equity and good conscience belong to Monsanto;

G. Entry of a permanent injunction against the Defendants to prevent Defendants from making, using, saving, cleaning, planting, selling, offering to sell or otherwise

transferring, any of Monsanto's proprietary seed technologies, without express written permission from Monsanto;

H.  Entry of judgment for breach of contract;

I.  Entry of judgment for costs, expenses, and reasonable attorneys' fees incurred by Monsanto; and

J.  Such other relief as the Court may deem appropriate.

**Respectfully submitted,**

By /s/ Lewis L. Cobb

    Lewis L. Cobb, BRP #005369
    SPRAGINS, BARNETT & COBB, PLC
    P.O. Box 2004, 312 E. Lafayette Street
    Jackson, TN 38302
    731-424-0461
    FAX 731-424-0562

    THOMPSON COBURN LLP
    Daniel C. Cox, *Pro Hac*
    Jeffrey A. Masson, *Pro Hac*
    One US Bank Plaza
    St. Louis, Missouri  63101
    314-552-6000
    FAX 314-552-7000

    *Attorneys for Plaintiffs Monsanto Company and Monsanto Technology, LLC*