809-001-00

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MONSANTO COMPANY and | ) | |
| MONSANTO TECHNOLOGIES, LLC | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | No.: <u>10-01290-egb</u> |
| | ) | |
| SOUTHFORK FARMS, LLC, | ) | |
| SCOTT ROLAND, and | ) | |
| WILLIAM (aka "Bubba") L. JOHNSON | ) | |
| | ) | |
| Defendant(s) | ) | |

**ANSWER ON BEHALF OF DEFENDANT WILLIAM (aka "Bubba") JOHNSON**

The Defendant, William (aka "Bubba") L. Johnson, by and through his counsel of record, responds to the Complaint of the Plaintiffs as follows:

**A.     ADMISSIONS AND DENIALS**

This Defendant, by and through counsel, hereby respond to e ach numerical paragraph of the Complaint as follows:

| Complaint Paragraph | Response |
|---|---|
| 1. | Upon information and belief, admit. |
| 2. | Admit. |
| 3. | Admit. |
| 4. | Defendant is without sufficient information to admit or deny. |
| 5. | Defendant is without sufficient information to admit or deny. |
| 6. | Defendant is without sufficient information to admit or deny. |
| 7. | Defendant is without sufficient information to admit or deny. |
| 8. | Defendant is without sufficient information to admit or deny. |

9. Admit.

10. Upon information and belief, admit.

11. Admit that Southfork Farms, LLC is a Tennessee limited liability company and that the principal office listed with the Tennessee Secretary of State is 422 Ed Wood Road, Bells, TN 38006.

12. Admit that Southfork Farms, LLC is engaged in the business of farming in Western Tennessee. Defendant Johnson denies that the business of farming is his primary vocation.

13. Defendant admits that this Court has subject matter jurisdiction.

14. Defendant admits that venue is proper in this Court.

15. Defendant is without sufficient information to admit or deny.

16. Defendant is without sufficient information to admit or deny.

17. Defendant is without sufficient information to admit or deny.

18. Defendant is without sufficient information to admit or deny.

19. Defendant is without sufficient information to admit or deny.

20. Defendant is without sufficient information to admit or deny.

21. Defendant is without sufficient information to admit or deny.

22. Defendant is without sufficient information to admit or deny.

23. Denied.

24. Defendant admits that FSA records indicate that Defendant Southfork Farms, LLC farmed approximately 440 acres of cotton and 460 acres of soybeans during the 2010 growing season. Defendant Johnson denies that he personally planted any cotton or soybeans during the 2010 growing season.

25. Defendant is without sufficient information to admit or deny and demands strict proof thereof.

26. Defendant is without sufficient information to admit or deny.

27. Upon information and belief, Defendant Southfork Farms, LLC harvested cotton and/or soybeans from the 2010 growing season. Defendant Johnson denies that he personally harvested any crops.

28. Defendant relies on his responses to the above-numbered paragraphs.

29. Defendant is without sufficient information to admit or deny.

30. Defendant is without sufficient information to admit or deny.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendant relies on his responses to the above-numbered paragraphs.

38. Defendant is without sufficient information to admit or deny.

39. Defendant is without sufficient information to admit or deny.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Defendant relies on his responses to the above-numbered paragraphs.

47. Defendant is without sufficient information to admit or deny.

48. Defendant is without sufficient information to admit or deny.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Defendant relies on his responses to the above-numbered paragraphs.

55. Denied.

56. Denied.

57. Denied.

58. Defendant relies on his responses to the above-numbered paragraphs.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant relies on his responses to the above-numbered paragraphs.

64. Denied that Defendant Johnson entered into any agreement with Plaintiff(s) on July 9, 2008. Admit that Defendant Johnson signed a Monsanto Technology/Stewardship Agreement in 2004.

65. Denied.

66. Denied.

## B. GENERAL DENIAL

All allegations of the Complaint not admitted, denied or explained are now expressly denied, and this Defendant demands strict proof thereof. Defendant denies that the Plaintiffs are entitled to any relief under any theory of law as to this Defendant.

## C. AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Defendant Johnson has not infringed any valid claim of any of Plaintiffs' alleged patents.

3. Plaintiff's claims are barred by the doctrines of equitable estoppel and/or waiver and/or laches and/or acquiescence.

4. Plaintiff has failed to establish the existence of a valid and enforceable contract with Defendant Johnson for the 2010 growing season.

5. Defendant Johnson denies that he, at any time, knowingly, willfully, maliciously, or intentionally violated any laws of the United States.

6. To the extent allowed by law, Defendant Johnson, in his individual capacity, is entitled to attorneys' fees and costs, as the result of Plaintiffs' baseless and frivolous claims.

7. Defendant has acted in good faith.

8. Defendant denies that Plaintiff is entitled to attorneys' fees under federal, state, or common law.

9. Defendant denies that Plaintiff is entitled to injunctive relief.

10. To the extent applicable, Plaintiffs' claims are barred either in whole or in part by the applicable statutes of limitation.

11. Defendant reserves the right to assert additional defenses or counter-claims that may be revealed through discovery in this matter and as appropriate and necessary.

WHEREFORE PREMISES CONSIDERED the Defendant, William (aka "Bubba") L. Johnson would hereby demand that the Complaint be dismissed as to them and that the costs of this cause are assessed against the Plaintiffs.

Dated this 9th day of February, 2011.

Respectfully submitted,

PENTECOST & GLENN, PLLC

By: s/ Brandon O. Gibson
Brandon O. Gibson (#21485)
Attorney for Defendant William (aka "Bubba") L. Johnson
106 Stonebridge Blvd
Jackson, TN  38305
(731) 668-5995

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon opposing counsel and all counsel of record by electronic mail via the Court's electronic filing system.

DATE: This the 9th day of February, 2011.

         PENTECOST & GLENN, PLLC

      By: s/ Brandon O. Gibson
         Brandon O. Gibson

SERVED UPON:

Lewis L. Cobb
PO Box 2004
312 E. Lafayette Street
Jackson, TN 38302

Daniel C. Cox
Jeffrey A. Masson
One US Bank Plaza
St. Louis, MO 63101

David Camp
Randy Camp
403 N. Parkway
Jackson TN 38305